**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MAIMOUNA KOUYATE,

*Petitioner,*

v.

U.S. IMMIGRATION & NATURALIZATION SERVICE,

*Respondent.*

No. 02-1531

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A74-700-571)

Submitted: October 24, 2002

Decided: November 18, 2002

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**COUNSEL**

Diane McHugh Martinez, LAW OFFICE OF MCHUGH-MARTINEZ, Washington, D.C., for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Carl H. McIntyre, Jr., Senior Litigation Counsel, Michael T. Dougherty, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Maimouna Kouyate, a citizen of Guinea, seeks review of a decision of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's (IJ's) denial of her application for asylum and withholding of deportation. We have reviewed the administrative record and the IJ's decision, which was designated by the Board as the final agency determination, and find that substantial evidence supports the IJ's conclusion that Kouyate failed to establish a well-founded fear of persecution necessary to qualify for relief from deportation. 8 U.S.C. § 1105a(a)(4) (1994);* 8 C.F.R. § 208.13(b) (2002). We have reviewed the IJ's credibility determinations and conclude that they are supported by specific, cogent reasoning, and therefore are entitled to substantial deference. *See Figeroa v. INS*, 886 F.2d 76, 78 (4th Cir. 1989). We conclude that the record supports the IJ's conclusion that Kouyate failed to establish her eligibility for asylum.

The standard for receiving withholding of deportation is "more stringent than that for asylum eligibility." *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). As Kouyate has failed to establish refugee status, she cannot satisfy the higher standard for withholding of deportation.

Kouyate asserts that the Board's use of the streamlined review procedure set forth in 8 C.F.R. § 3.1(a)(7) (2002), resulted in a denial of

---

*We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-128, 110 Stat. 3009 (IIRIRA), effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, § 1105a(a)(4) is still applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

due process. As Kouyate fails to establish prejudice from the Board's use of that procedure, *see Rusu v. INS*, 296 F.3d 316, 324-25 (4th Cir. 2002), she is entitled to no relief on the claim.

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*